Peaeson, J.
dissent. A wife, detected in adulteiy, is ordered by her husband to leave his premises. She does so, and continues to live in adultery. Is her right of dower forfeited ?
Whenever the wife lives in adultery, separate and apart from her husband, without his default, dower is forfeited.
Adultery is the offence, which causes the forfeiture. But it may seem, that to allow an inquiry to be instituted, as to the adultery of the wife, in every case, after the death of the husband, would tend greatly to disturb the peace of families, and lead to very mischievous consequences. From motives of policy, therefore, the law-makers deemed it w'ise, to restrict the forfeiture to cases, w’here the wife lived separate and apart from her husband. If the parties lived together, it was thought expedient to let the scene close, at the death of the husband, and to exclude the heir from all inquiry as to the conduct of the wife, which had not been complained of by his ancestor. For, supposing her guilty, it it was known to the husband, and he continued to admit her to his conjugal embraces, he was not fit to have the protection of the law : if it was not known to him, it would be apt to rest on slight and unsatisfactory evidence, and it was wise not to allow an investigation to be instituted.
Where there is a separation without the default oí the husband, and the wife continues to live in adultery, the *369 manner of the separation is obviously immaterial. This construction of the statute is, in my opinion, sustained by the reason of the thing, by analogy, and by authority.
It is said, the terms of the statute confine it to the case of a wife, who “ willingly leaves her husband, and goes away and continues with her adulterer.” These are the words used. The question is, are we to stick literally to the words, and consider the statute as providing only for a single case, or are we to give it a liberal construction, and consider it intended to establish a principle, and as citing one instance, merely, out of many included in it ?
The greater includes the less. This is an axiom in mathematics; and it is equally true, that, in the construction of a statute, where a less offence is denounced, a greater offence of a like kind must necessarily be included in the denunciation.
When a wife loses the affection of her husband, and elopes with the seducer, an abhorrence of the crime is mitigated, to some extent, by a feeling ot pity for the unfortunate victim of passion. But, when a wife transfers her affections to another, and nevertheless continues to live with her husband, and receive from him protection and support, but is ready at all times to slip away and fly to the embraces of another, and then return and pollute the bed of one, whom she injures and deceives, our detestation of the wretch is unmitigated. Can it be, that a statute, which deprives the one of her right to dower, does not apply to the case of the other, because the injured husband finds himself compelled to order the guilty wretch to leave his house, and she goes away and continues in her guilt ? Surely, this construction cannot be put on it, without doing violence to the intention of the law-makers. It holds out a reward to baseness, for, after her detection, it says, “add baseness to crime, confront your injured husband, refuse to go away, so as to make it necessary for him to order you *370 ’to leave, and yea aire at liberty then to go and continue in guilt, and the law protects your right of dower!”
Under such circumstances, the wife does, in contemplation of the law, “ leave willingly.” She willingly does that, which is the necessary consequence of her own act» as much so, as one is said wilfully to bum my house, if he sets fire to an adjoining house, the natural and necessary consequence of which is to burn mine. It cannot, in such a case, be'said,'that the husband is in default. He does only that, which the law allows, expects and requests him to do. She causes the separation, and “ leaves willingly,” to all intents and purposes.
This construction is sustained by authority. Rev. Stat. ch. 39, sec. 2. If a wife separates herself from her husband, and lives in adultery, it is a cause of divorce from the bonds of matrimony. “ Separates,” is an active verb, implies volition on the part of the wife, and is synonymous with “ willingly leaves.” It is clear, that adultery on the part of the wife, while living with the husband, is not a cause of divorce from the bonds of. matrimony. But if, in consequence thereof, he drives her away, and she after-wards lives in adultery, it is settled to be sufficient cause of divorce ; for she has,' in contemplation of law, separated herself from her husband. As these statutes are upon 'kindred subjects, there should be a conformity in the construction ; especially as an effect of a divorce from the bonds of matrimony is the loss of dower.
This construction is also sustained by the authorities. Adultery is a bar to dower, though committed after the husband and wife have separated, by mutual consent. Hetherington v. Graham, 19 Eng. C. L. R. 31. This case is stronger than the one under consideration. Here the husband is in no- default; there, he was, because the. wife had done-no wrong-,■ and he violated his duty to- her, by giving his consent, that she should- live separate from him, where *371 by she was exposed to temptation. In Coote v. Berty, 12, Mod. 232, to a plea, that the wife had forfeited dower by living apart from her husband in adultery, it was replied, the husband had, by his deed, consented for her to live in adultery. It was held that her dower was forfeited. In Paynell’s case, referred to at length in 2 Inst. 434, to- a like plea in bar of dower, the demandant relied on the fact, that the husband had, by deed, delivered ovei’, given and granted his wife to Sir William Paynell; it was held she was not entitled to dower. The case does not state, whether the wife consented to be thus delivered over and transferred to another, or that she was consulted in respect to it. The inference is, that she had been guilty of adultery, and in those times, when force was more common than fraud, the wife had not the impudence, the baseness and did not dare to confront her husband, so as to make it necessary for him to tell her to leave his premises — she had fled from his wrath, and the indignant husband took this mode of getting clear of her.
The Statute uses the words “ willingly leave, go away and continue with her adulterer.”
It is remarkable, that these words have not been adhered to in any one particular. It was, at one time, insisted that the wife must go away with her adulterer. It was decided, that it made no difference, whether she went away with him, or some one else, or went by herself.
So it was insisted, that she must continue with her adulterer. It was decided, that it made no difference, whether she continued in adultery with him, or committed the crime with another or with divers others. These cases are referred to in the opinion of C. J. Tindall, in Hetherington v. Graham, (he also refers to a case in Britton, whose book was published immediately after the framing of the old St t ute, from a translation of which ours is copied,) “ in which no mention is made of a leaving of the husband, either wil- *372 fully or with any particular person, but the plea states only, that the wife was living apart from her husband in adul~ tery
In 2 Ins. 434, Lord Coke, commenting upon the words in the Statute, sponte Spc., says, “ albeit the words of this branch be in the conjunctive, yet if the woman be taken away, not sponte, but against her will, and after consent, and remain with the adulterer, without being reconciled, &c., she shall lose her dower; for the cause of the bar of her dower is not the manner of the going away, but the remaining with the adulterer in avowry, &c., that is the bar of the dower. At page 436, he says, “ the words reliquerit et dbierit are not of the substance of the bar of dower, but the adultery and the remaining with the adultei’er.”
Compare the case in Coke with the case before us: An innocent wife is ravished and by force taken away from her home. After the violence, despairing of ever regaining her former position, she consents to remain with her ravisher; yet her dowerjs forfeited. "What becomes of the words “ sponte,” willingly leave ?
Do not these authorities sustain the construction, that the manner of leaving and going away is not of the substance ? If the Statute is so construed, as to include a wife who is ravished and taken away by force, a fortiori, as it seems to me, it must include one, who is guilty of adultery, and is base enough to make it necessary for the husband to order her away.
Pbu Curiam. Judgment affirmed.